IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALBERS FINISHING & SOLUTIONS, LLC,

       Plaintiffs,

v.                                                                 Case No. 18-1225-JWB

RK INC.,

       Defendant.

## MEMORANDUM AND ORDER

This case comes before the court on Defendant RK Inc.'s motion to dismiss for lack of personal jurisdiction or improper venue. (Doc. 5.) Alternatively, RK moves to transfer venue to the Western District of Missouri. The motion has been fully briefed and is ripe for decision.[1] (Docs. 6, 11, 12.) RK's motion is DENIED for the reasons set forth herein.

**I.    Procedural History and Relevant Facts[2]**

Plaintiff Albers Finishing & Solutions, LLC ("AFS") is a Kansas limited liability company with all members being citizens of Kansas. (Doc. 20.) AFS's principal place of business is in Cheney, Kansas. Defendant RK Inc. ("RK") is a Missouri corporation with its principal place of business in West Plains, Missouri. AFS is in the business of painting and finishing metallic parts for use in the aerospace and agriculture industries. RK is in the business of manufacturing, installing and servicing complete surface finishing and processing equipment. (Doc. 1, Exh. 1 at 2.)

In February 2016, RK issued quotes to AFS for the manufacture and installation of the Zinc Plate Process ("Zinc Line") and manufacture and installation of the Anodize System ("Anodize

---

[1] RK did not file a reply brief and the time for doing so has now passed.
[2] All facts are viewed in the light most favorable to Plaintiff.

1

Line"). In November 2016, AFS issued purchase orders to RK for the purchase of a Zinc Line and the purchase of an Anodize Line in accordance with the quotes. The purchase prices were $626,000 and $900,000, respectively. AFS made a down payment to RK of $200,000. RK represented that the project would commence in summer 2017 and be completed by fall 2017. This did not occur. (Doc. 1, Exh. 1 at 3.)

RK then agreed to complete the Zinc Line by December 2017 and the Anodize Line by January 2018. RK also agreed to provide and install additional items, which would be paid for by AFS. AFS then paid an advance payment in the amount of $454,500 to RK. The due dates continued to shift after RK missed agreed upon deadlines. AFS also made further payments on the purchase orders and on a supplemental contract. In April 2018, the parties entered into an addendum for the installation of additional Zinc Line items. (*Id.* at 4-5.)

RK performed the manufacturing work in Missouri and all components for the two lines were developed, manufactured, processed and shipped from Missouri. RK does not own any real or personal property in Kansas and does not maintain an office in Kansas. RK does not maintain any bank accounts in Kansas. (Doc. 6, Exh. A.)

RK delivered and installed the Zink and Anodize Lines to AFS's facility in Kansas. RK's president, Kevin Beauchamp, made multiple visits to the AFS facility in Kansas. RK's employees were sent to Kansas in order to install, test and service the equipment. RK also provided training to AFS's employees in Kansas on multiple occasions. (Doc. 12, Exh. A, Bret Albers Aff.)

AFS alleges that RK breached the contracts by failing to meet the deadlines, failing to complete both lines, and failing to provide additional items due under the contracts. AFS alleges that the Anodize Line has never been operational and that AFS has had to acquire replacement software for the Line. The Zinc Line is running at a loss because RK has failed to deliver the

barrels, zinc chiller and other items that were ordered under the original contract. AFS's customers have placed orders with AFS but they have been unable to be fulfilled due RK's failure to perform. AFS has incurred losses as a result of RK's breach of the contracts. (Doc. 1, Exh. 1 at 4-6.)

AFS brought this action for breach of contract against RK in Sedgwick County, Kansas. RK timely removed this action. (Doc. 1.) RK now moves for dismissal on the basis that this court lacks personal jurisdiction and venue is improper. (Doc. 6.) Alternatively, RK moves to transfer venue to the Western District of Missouri.

## II. Analysis

### A. Improper Venue

RK moves to dismiss on the basis that venue is improper. RK contends that 28 U.S.C. § 1391, the general venue statute, is applicable and that venue is improper under the statute. AFS responds that venue is proper in this district under the removal statute.

This action was not originally filed in this court but was removed from state court. Therefore, section 1391 is not applicable. *See Lundahl v. Pub. Storage Mgmt., Inc.*, 62 F. App'x 217, 218–19 (10th Cir. 2003); *Thermal Components Co. v. Griffith*, 98 F. Supp. 2d 1224, 1231–32 (D. Kan. 2000) (citing *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 73 S. Ct. 900 (1953)). Venue in removal actions is governed by section 1441. *Thermal Components Co.*, 98 F. Supp. 2d at 1232. 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ..., to the district court of the United States for the district and division embracing the place where such action is pending."

Because this action was filed in Sedgwick County, Kansas, removal to this court was proper under section 1441(a). RK's motion to dismiss for improper venue is denied.

## B. Personal Jurisdiction

RK moves to dismiss the complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). On a Rule 12(b)(2) motion to dismiss, a plaintiff must make a prima facie showing that the court has personal jurisdiction over defendants. *Old Republic Ins. Co. v. Continental Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017). The court must accept the allegations in the complaint as true and resolve all factual disputes in AFS's favor notwithstanding contrary positions by RK. *Id.* The court may consider affidavits in deciding a motion to dismiss based on lack of personal jurisdiction. *Richardson v. Fowler Envelope Co., LLC*, 288 F. Supp. 2d 1215, 1219 (D. Kan. 2003).

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *TH Agriculture & Nutrition, LLC v. Ace European Group, Ltd.*, 488 F.3d 1282, 1286-87 (10th Cir. 2007). Because the Kansas long-arm statute is construed liberally to allow jurisdiction to the full extent permitted by due process, the court ordinarily proceeds directly to the constitutional issue. *Id.* at 1287 (citing *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1087 (10th Cir. 1998)). Nevertheless, since RK argues that its conduct does not fall under the long-arm statute, the court will proceed to review the Kansas long-arm statute.

### 1. Kansas Long-arm Statute

AFS argues that several provisions of the long-arm statute are applicable in this matter. K.S.A. 60-308(b)(1) provides that a person who does certain acts is subject to the jurisdiction of the courts of Kansas if the cause of action arises out of the acts. One of those acts is to enter "into an express or implied contract, by mail or otherwise, with a resident of this state to be performed

in whole or in part by either party in this state." K.S.A. 60-308(b)(1)(E). RK does not argue that this provision is inapplicable to its conduct. Rather, RK argues that "the contract alone cannot establish minimum contacts," citing *TH Agriculture & Nutrition, LLC*, 488 F.3d at 1287. (Doc. 6 at 8.) *TH Agriculture & Nutrition, LLC*, addressed whether personal jurisdiction was established under the Due Process clause. The Tenth Circuit did not address the Kansas long-arm statute. *TH Agriculture & Nutrition, LLC*, 488 F.3d at 1287.

As alleged in the complaint and not disputed by RK, the contracts at issue required RK to deliver and install the lines in Kansas and RK did in fact deliver and install the lines in Kansas. Therefore, pursuant to K.S.A. 60-308(b)(1)(E), jurisdiction over RK is legitimate under Kansas law as the contracts entered into by the parties required performance in Kansas. Accordingly, the court will proceed to the Due Process inquiry.

**2. Due Process**

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts ties, or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985) (internal quotations omitted). Therefore a "court may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum state." *World– Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1979). The requisite minimum contacts may be established under one of two theories: "specific jurisdiction" or "general jurisdiction." If the requisite minimum contacts are met, the court proceeds to determine whether the "assertion of personal jurisdiction would comport with fair play and substantial justice." *Old Republic Ins. Co.*, 877 F.3d at 903.

AFS contends that the complaint establishes specific jurisdiction in this matter. Specific jurisdiction applies when a defendant has purposefully availed itself of the privilege of conducting activities in the state and the suit arises out of or relates to a defendant's contacts with the forum state. *Monge v. RG Petro-Machinery (Grp.) Co. Ltd.*, 701 F.3d 598, 613-14 (10th Cir. 2012). "Purposeful availment requires actions by the Defendant which create a substantial connection with the forum state. The purpose of this requirement is to ensure that a defendant will not be subject to the laws of a jurisdiction solely as the result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1160 (10th Cir. 2010) (internal citations omitted). To further satisfy specific jurisdiction, AFS's injury "must arise out of or relate to activities that [defendant] purposefully directed at residents of the forum." *Monge*, 701 F.3d at 617. AFS argues that this action arises out of RK's purposeful contacts with Kansas because RK entered into the contracts with AFS for the sale of the lines, the lines were delivered to Kansas, and the lines were then installed by RK in Kansas. (Doc. 12 at 17.)

RK argues in its motion that personal jurisdiction is not established because it has not solicited business in Kansas or conducted business in Kansas for the purpose of general or specific jurisdiction. (Doc. 6 at 8.) RK, however, fails to address how its conduct in delivering its product to Kansas and installing its product in Kansas does not satisfy specific jurisdiction.

A finding of specific jurisdiction is based on the facts in a particular case. *See Old Republic Ins. Co.*, 877 F.3d at 903 ("specific (case-linked) jurisdiction"). Purposeful availment may exist if a foreign manufacturer "purposefully directed actions toward the forum," or was otherwise actively "'aware that the final product is being marketed in the forum State.'" *Monge v. RG Petro-Machinery*, 701 F.3d 598, 619, 620 (10th Cir. 2012) (quoting *Asahi Metal Industry v. Superior*

*Court*, 480 U.S. 102, 117 (1987)). "Where the defendant deliberately has engaged in significant activities within a State, ... he manifestly has availed himself of the privilege of conducting business there." *Old Republic Ins. Co.*, 877 F.3d at 905 (quoting *Burger King*, 471 U.S. at 475).

RK delivered the lines to Kansas and installed those lines in Kansas at AFS's facility. This was not an isolated event nor is AFS arguing that a mere contract is sufficient to establish jurisdiction. Rather, it is RK's actions in Kansas, which include delivering its products and making several trips to Kansas for installation and training, that support a finding that RK has purposefully directed its activities at Kansas. Moreover, this action clearly arises out of RK's contacts with Kansas. *See Employers Mut. Cas. Co.*, 618 F.3d at 1160-61. Therefore, the court finds that AFS has established the requisite minimum contacts between RK and Kansas. *See Fed. Ins. Co. v. TAT Technologies, LTD.*, No. 16-2755, 2017 WL 5970827, at *3 (D. Kan. Dec. 1, 2017).

Because the court determined that AFS met its burden of showing minimum contacts, the court now must "inquire whether the exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1080 (10th Cir. 2008) (internal quotations omitted). RK must "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Id.* In making the inquiry, the court reviews "(1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states [or foreign nations] in furthering fundamental social policies." *Id.* Although RK cited the factors in its brief, RK simply stated that "all of those factors favor this lawsuit being brought in the Western District of Missouri." (Doc. 6 at 9.) On the contrary, interstate contracts that result in "continuing relationships and obligations

7

with citizens of another state" subjects the out-of-state defendant to personal jurisdiction in the state to which those activities were directed. *See, e.g. Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1534 (10th Cir. 1996).

As RK must present a compelling case and has not done so, the court finds that jurisdiction would not be unreasonable in this case.

## III. Transfer Venue

RK asks that the court transfer this action to the Western District of Missouri pursuant to 28 U.S.C. § 1406 and section 1631. (Doc. 6 at 9.) Those statutes discuss transferring matters when there is defect in venue or lack of jurisdiction. As discussed, venue is proper in this court and the court has personal jurisdiction over RK. Therefore, RK's request to transfer venue under those statutes is denied.

## IV. Conclusion

RK's motion to dismiss, or in the alternative, transfer venue is DENIED. (Doc. 5.)

IT IS SO ORDERED this 12th day of October, 2018.

>   __s/ John W. Broomes_____
>   JOHN W. BROOMES
>   UNITED STATES DISTRICT JUDGE